[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an unusual circumstance where the zoning enforcement officer seeks to overturn a ruling by the Zoning Board of Appeals of the town of Oxford. In this action, the Zoning Board of Appeals granted the variance sought by the defendants unanimously. The defendants Setaro own and operate a restaurant on property located at 143 Oxford Road, Oxford, Connecticut which is in a commercial district. The restaurant was constructed prior to any zoning laws.
In 1973, the Setaros purchased the property upon which was a detached wooden sign placed on two I-beams which was illuminated by two gooseneck lamps projecting from the top. It appears from the record the sign was placed on the property in 1944. The sign at the present date is of the original size. There was a difference in the lighting which made no considerable change. Verbiage on the sign was changed but in no way affected the size of the sign. The restaurant changed names at different intervals but never changed the size was never of the sign. The sign was never enlarged, extended or moved.
Zoning in the town of Oxford commenced in 1942 but made no reference to signs. In 1948, the zoning laws were changed and again no section involved signs. In 1975, there was an amendment to the zoning laws with regard to non-conforming signs. This was two years after the purchase of the property by the defendants Setaro.
A public hearing was held on March 29, 1993 for the Setaros to ask for a variance on the sign. This request appears to be a means of solving litigation and having some cohesion to the alleged violation. The court finds there is no need to seek a variance because no violation of the zoning laws existed. There was some evidence of a sign on the property which might have caused some confusion, but has been removed.
It appears the zoning enforcement officer did not appear at the hearing. Even though this is a conflict between the town's various boards, the court still uses the criteria; was their decision arbitrary, illegal or in abuse of their discretion.Pike vs. Zoning Board of Appeals, 31 Conn. App. 270, 273 (1993). The Zoning Board of Appeals have the power to grant these CT Page 6284 variances where the variances have been shown not to effect substantially the comprehensive zoning plan. Whittaker vs.Zoning Board of Appeals, Town of Trumbull, 179 Conn. 650 (1980).
This sign has been in existence since 1944 without substantial change and there is more than reasonable basis for granting the variance. This appears to be a conflict between the zoning board of appeals and the zoning enforcement officer. There is no evidence of any fraud on the defendants Setaro's behalf. The court sustains the unanimous decision of the Zoning Board of Appeals of the town of Oxford in granting the variance to the Setaros.
THE COURT,
Philip E. Mancini, Jr. State Trial Referee